Winfrey W. WILLIAMS, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, et al., Respondents.

No. 86–7121.

United States Court of Appeals, Ninth Circuit.

Submitted* Aug. 13, 1987.

Decided Aug. 20, 1987.

John R. Hillsman, San Francisco, Cal., for petitioner.

Frank Evans, San Francisco, Cal., and Donald S. Shire, Washington, D.C., for respondents.

Before WRIGHT, FARRIS and THOMPSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Williams, a commercial deep sea diver, petitions for review of a decision denying him compensation under the Longshore and Harbor Workers' Compensation Act (LHWCA) for an injury he received while repairing an inland reservoir. He challenges the Administrative Law Judge's finding that the inland lake was not a situs covered by the Act, and that he was not working in a status covered by the Act. We dismiss his petition.

BACKGROUND

Williams injured his wrist while repairing the reservoir facilities of non-navigable Alpine Lake. The ALJ denied his claim for compensation under the LHWCA because his injury did not occur in a navigable waterway or in an area adjoining a navigable waterway (situs). The ALJ denied compensation also because he was not a maritime employee within the meaning of the Act (status).

Williams argues that the ALJ and the Board erred in the situs determination, not applying precedent and in ignoring the policy of the LHWCA. His brief, to which there has been no response by the Board, tells us that 95% of Williams' work for 23 years has been in salt water. He admits that technically his injury does not come

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

within the act but he says that is a mere "factual eccentricity." He would have us disregard a deep water requirement and substitute a deep pocket theory rather than relegate him to a state remedy. We are unimpressed.

## DISCUSSION

### I. STANDARD OF REVIEW

The relevant facts are uncontroverted and the questions before us are ones of law.

### II. SITUS

■ Williams argues that the ALJ erred in ruling that Alpine Lake was not a situs within the meaning of 33 U.S.C. § 903(a). This contention fails.

Although he admits that the technical requirements for situs are not met, he argues that the ALJ should have deemed the non-navigable lake a situs to further the broad remedial purpose of the LHWCA. He argues that to hold otherwise would mean that he could "swim in and out of coverage under the act" in violation of the goals of the 1972 amendments to the LHWCA.

Williams mischaracterizes the goals of the 1972 amendments. The amendments (1) recognized that modern cargo handling techniques had moved much of the longshoreman's work onto land, and (2) provided continuous coverage to a worker who would otherwise be covered for only a part of his activity. *Brady-Hamilton v. Herron*, 568 F.2d 137, 141 (citing *Northeast Marine Terminal v. Caputo*, 432 U.S. 249, 262–63, 97 S.Ct. 2348, 2356–57, 53 L.Ed.2d 320 (1977)). Before the LHWCA was amended in 1972, an injury on the seaward side of the gang plank was covered while the same injury on the landward side was not. *Caputo*, 432 U.S. at 259, 97 S.Ct. at 2354. In loading a ship, a longshoreman continuously walked "in and out of coverage." *P.C. Pfeiffer Co. v. Ford*, 444 U.S. 69, 77, 100 S.Ct. 328, 334, 62 L.Ed.2d 225 (1979). By including adjoining areas, Congress alleviated this anomaly. *Caputo*, 432 U.S. at 262–65, 97 S.Ct. at 2356–57.

This anomaly is not present when work is done on a non-navigable lake with no functional relationship to maritime activity. A diver working on a non-navigable lake does not walk (or swim) continuously in and out of coverage. Rather, he is working continually out of coverage because he is at a location that does not meet the geographic situs requirement of § 903(a). *Director, OWCP v. Perini North River Associates*, 459 U.S. 297, 324 n. 32, 103 S.Ct. 634, 650 n. 32, 74 L.Ed.2d 465 (1983) (situs test is geographic).

■ Williams' analogy to *Cove Tankers v. United States Ship Repair, Inc.*, 683 F.2d 38 (2d Cir.1982), does not support his claim. *Cove Tankers'* concerns of leaving the injured person with no compensation and of encouraging employers to escape liability are not present here. Williams was injured in California and is eligible for state compensation. *Sun Ship, Inc. v. Pennsylvania, et. al.*, 447 U.S. 715, 720, 100 S.Ct. 2432, 2436, 65 L.Ed.2d 458 (1980), *reh'g denied*, 448 U.S. 916, 101 S.Ct. 37, 65 L.Ed.2d 1179. Denial of recovery for an injury on a non-navigable lake would not encourage maritime employers to leave navigable waters to escape liability.

### III. STATUS

Because Williams' injury did not satisfy the situs test, we need not determine whether he satisfied the status test. *Motoviloff v. Director, OWCP*, 692 F.2d 87, 89 (9th Cir.1982).

### IV. CONCLUSION

To receive compensation under the LHWCA, Williams must sustain injury within the situs defined by § 903(a), and have the status of a maritime employee under § 902(3).

Consideration of the policy underlying the situs requirement does not support Williams' argument that a non-navigable lake should be deemed a covered situs. An exception is not merited because state compensation is available, and denial of recovery will not encourage employers to avoid liability under the act. Expanding the situs covered by the Act would defeat the

limiting purpose of the two part situs/status test.

The petition for review of the Benefits Review Board's decision is DISMISSED.